UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-60011-BLOOM/Reid

MASNIK SAINMELUS,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

**THIS CAUSE** is before the Court upon *pro se* Petitioner Masnik Sainmelus's ("Petitioner") Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, ECF No. [6] ("Petition"). The Court issued an Order to Show Cause, requiring the Government to respond to the Petition, ECF No. [7], which the Government timely filed, ECF No. [8] ("Response"). The Court has carefully reviewed the Petition, the Government's Response, the record in this case and Petitioner's underlying criminal case,[1] the applicable law, and is otherwise fully advised. For the reasons discussed below, the Petition is denied.

**I.    BACKGROUND**

On May 22, 2018, a federal grand jury returned a one-count indictment charging Petitioner with knowingly possessing a firearm that was not registered to him in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. §§ 5861(d) and 5871. CR ECF No. [1]. On August 30, 2018, Petitioner pleaded guilty, CR ECF No. [31], and was thereafter sentenced to 36 months of imprisonment, followed by two years of supervised release. CR ECF No. [41].

---

[1] *United States v. Sainmelus*, No. 18-cr-60131 (S.D. Fla. Nov. 8, 2018). All references to the criminal case will precede with CR.

Petitioner appealed. CR ECF No. [42]. On September 4, 2019, the Court of Appeals for the Eleventh Circuit affirmed Petitioner's conviction and sentence. *United States v. Sainmelus*, 786 F. App'x 893 (11th Cir. 2019). On November 12, 2019, the United States Supreme Court denied certiorari review. *United States v. Sainmelus*, 140 S. Ct. 496 (2019).

On January 3, 2020, Petitioner filed a timely motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. ECF No. [1]. He was ordered to file an amended § 2255 Petition to address his pleading insufficiencies. ECF No. [5]. On February 20, 2020, Petitioner filed the instant Amended Petition in which he raises the following four claims: (1) the statute of conviction, 26 U.S.C. § 5861(d), is unconstitutionally vague; (2) 18 U.S.C. § 3231 does not give this Court jurisdiction; (3) counsel's deficient performance denied him the effective assistance of counsel during both the plea bargaining and sentencing stages of the proceedings; and (4) counsel's ignorance of developing law resulted in ineffective assistance on direct appeal and in seeking a writ of certiorari. ECF No. [6]. The Petition is ripe for consideration.

## II. LEGAL STANDARD

### A. Relief under 28 U.S.C. § 2255

A prisoner is entitled to relief under § 2255 if "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *See* 28 U.S.C. § 2255(a). If a court finds that a claim under § 2255 is meritorious, the court shall vacate the judgment and discharge the petitioner, grant a new trial, or correct the sentence. *Id.* To avoid procedural default on a § 2255 claim, "a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." *McKay v. United*

*States*, 657 F.3d 1190, 1196 (11th Cir. 2011) (quoting *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004)). A procedural default may be excused if the defendant can demonstrate (1) cause and prejudice or (2) actual innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998).

### B. Guilty plea waiver

A guilty plea waiver must be a knowing, voluntary, and an intelligent choice among the alternative courses of action open to the defendant. *Hill v. Lockhart,* 474 U.S. 52, 56 (1985). A court accepting a guilty plea must ensure that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea. *United States v. Jones*, 143 F.3d 1417, 1418-19 (11th Cir. 1998). After a guilty plea has been entered, a criminal defendant may only: (1) raise jurisdictional issues, *United States v. Patti*, 337 F.3d 1317, 1320 (11th Cir. 2003); (2) attack the voluntary and knowing character of the guilty plea, *Tollett v. Henderson,* 411 U.S. 258, 267 (1973); or (3) challenge the constitutional effectiveness of the assistance he received from his attorney in deciding to plead guilty, *United States v. Fairchild,* 803 F.2d 1121, 1123 (11th Cir. 1986). Lastly, a petitioner bears a heavy burden to show that his statements were false after making statements under oath during a plea colloquy. *See United States v. Hauring*, 790 F.2d 1570, 1571 (11th Cir. 1986) (citing *Barnes v. United States*, 579 F.2d 364, 366 (5th Cir. 1978)).[2]

### C. Ineffective assistance of counsel

A petitioner who brings a claim of ineffective assistance of counsel must demonstrate that: (1) counsel's performance was deficient; and (2) there is a reasonable probability that the deficient performance prejudiced the defendant. *See Strickland v. Washington,* 466 U.S. 668, 687 (1984).

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the Court of Appeals for the Fifth Circuit issued prior to October 1, 1981.

To establish deficient performance, a petitioner must demonstrate that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008). Moreover, to establish prejudice, a defendant must show "a reasonable probability that, but for counsel's errors, he would not have plead guilty and would have insisted on going to trial." *See Hill*, 474 U.S. at 59. Lastly, to satisfy a claim of ineffective assistance of counsel, the claim must be meritorious. *Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989). To determine whether a claim is meritorious, a court must determine whether the issues the petitioner contends his counsel failed to raise were significant enough to affect the outcome of his appeal. *Miller v. Dugger*, 858 F.2d 1536, 1538 (11th Cir. 1988).

### III.   DISCUSSION

Petitioner raises four claims for relief and the Court addresses each in turn below.

**A.   Vagueness challenge to 26 U.S.C. § 5861(d)**

Petitioner claims that 26 U.S.C. § 5861(d)—which states that it shall be unlawful for a person "to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record"—is unconstitutionally vague. ECF No. [6]. He states that the "statute's text does not provide an ordinary citizen with notice that the person's mere presence near an unregistered weapon, which a third party procured, constitutes constructive possession and violates the statute." *Id.* at 13. Moreover, he argues that an "ordinary citizen would not understand that the text means an individual near a theatrical prop has received or possessed a weapon"; that "mere proximity to a weapon is not a crime"; and that "there is no indication the silencer in the video was illegal . . . ." but "the prop very well could have been . . . registered to one of the producers or participant[s] in the video production." *Id.*

As an initial matter, the Government contends that Petitioner's first claim is procedurally defaulted. ECF No. [8] at 6. Therefore, the Court will address the issue of procedural default before discussing the constitutionality of the statute of conviction. In order to avoid a claim being barred due to procedural default, a petitioner must challenge a criminal conviction or sentence on direct appeal. *McKay*, 657 F.3d at 1196. Otherwise, the petitioner will be barred from presenting that claim in a § 2255 petition. *Id.* However, a procedural default may be excused if the defendant can demonstrate: (1) cause and prejudice; or (2) actual innocence. *Bousley*, 523 U.S. at 622. Under the cause and prejudice exception, a § 2255 petitioner can avoid procedural default by establishing cause for not raising the claim on direct appeal *and* actual prejudice from the alleged error. *McKay,* 657 F.3d at 1196. To show cause, a § 2255 petitioner must prove that some objective factor prevented counsel from raising the claim on direct appeal and that this factor cannot be attributed to the petitioner's conduct. *Lynn*, 365 F.3d at 1235.

Petitioner alleges that he did not raise this claim on direct appeal because a subsequent United States Supreme Court decision—*Rehaif v. United States*, 139 S. Ct. 2191 (2019)—made the claim cognizable. ECF No. [6] at 4. In *Rehaif*, the Supreme Court held that, in a prosecution for possession of a firearm by a restricted person, the government must prove that the defendant knew both that he possessed the firearm and that he belonged to the relevant category of restricted persons at the time of possession. 139 S. Ct. at 2200. However, the Supreme Court's holding in *Rehaif* discusses the elements of conviction under 18 U.S.C. §§ 922(g) and 924(a), but it does not discuss the elements of proof under 26 U.S.C. § 5861(d), the statute under which Petitioner was convicted. *Id.* Therefore, *Rehaif* does not establish cause for Petitioner's procedural default because its holding does not apply to the statute under which Petitioner was convicted.

Moreover, even assuming Petitioner has established cause, he has not satisfied the prejudice component of the procedural default exemption because the statute of conviction is not vague. "A statute is vague if it fails to provide a person of ordinary intelligence fair notice of what is prohibited under the law, or if it authorizes or encourages seriously discriminatory enforcement." *United States v. Woods*, 684 F.3d 1045, 1057 (11th Cir. 2012) (quoting *United States v. Williams*, 553 U.S. 285, 304 (2008)). In this case, Petitioner had physical possession of the firearm in one hand, as he was sitting on a bed pointing a shotgun toward a camera, while simultaneously holding a rifle with a silencer attached to it in his other hand. CR ECF No. [30] at 1. Thus, although Petitioner argues that an ordinary citizen would not understand that an individual "near" a theatrical prop has received or possessed a weapon or that "mere proximity to a weapon is not a crime," here, the Petitioner *admitted* to knowing that he had physical possession of a rifle with a silencer not registered to him in the National Firearms Registration and Transfer Record. *Id.* at 2. As such, Petitioner has failed to establish prejudice because the statute of conviction, 26 U.S.C. § 5861(d), is not vague as applied to him. The Court need not address actual innocence because it was not an issue raised in this case. Hence, this claim is barred due to procedural default.

**B. Lack of jurisdiction claim**

Petitioner claims that neither the Indictment nor the factual basis in support of his guilty plea identifies an offense committed against the United States, and therefore 18 U.S.C. § 3231 does not convey jurisdiction upon the Court. ECF No. [6] at 14. In support of this claim, Petitioner states that the indictment failed to identify the applicable *mens rea* required to violate the statute "since it failed to address either Mr. Sainmelus' intent to exercise control over the silencer or his knowledge that his status prohibited him from performing in the video." *Id.* Yet, Petitioner has not shown either cause and prejudice or actual innocence to excuse his procedural default on this claim.

6

As cause for his procedural default, Petitioner contends that the "issue was not ripe for appeal, or counsel overlooked it." *Id.* At 6. However, the alleged jurisdictional issue could have been raised on appeal, and although the ineffective assistance of counsel can provide cause to excuse a procedural default, Petitioner cannot claim that counsel was ineffective as to this claim. As discussed above, to determine ineffective assistance of counsel, the Court employs the two-prong *Strickland* test, which states that a defendant must show that counsel's performance was deficient and that had it not been for counsel's unprofessional errors, the result of the proceeding may have been different. *See Strickland*, 466 U.S. at 668. However, counsel is not ineffective for failing to raise meritless claims. *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000).

Petitioner's counsel was not ineffective for failing to raise the alleged jurisdictional issue because Petitioner's statute of conviction—26 U.S.C. § 5861(d)—is a federal statute. *See* 26 U.S.C. § 5861(d). As stated by the Eleventh Circuit:

> Subject matter jurisdiction, which Congress bestows on the lower federal courts by statute, "defined the court's authority to hear a given type of case." In the context of federal crimes, Congress has granted federal district courts original jurisdiction "of all offenses against the laws of the United States." As such, "[s]o long as the indictment charges the defendant with violating a valid federal statute as enacted in the United States Code, it alleges an offense against the laws of the United States, and thereby, invokes the district court's subject-matter jurisdiction."

*United States v. Grimon*, 923 F.3d 1302, 1305 (11th Cir. 2019).

As 26 U.S.C. § 5861(d) is a federal statute that alleges an offense against the laws of the United States, the Court had subject-matter jurisdiction to hear Petitioner's case. *Id.* Because raising the jurisdictional challenge would have been meritless given the Court's clear subject-matter jurisdiction, counsel was not ineffective for failing to raise a meritless claim and Petitioner's claim is procedurally barred. As such, the claim is denied.

**C. Ineffective assistance of counsel claims**

**i.    Counsel's performance during plea and sentencing stages**

Petitioner claims that counsel's deficient performance denied him effective assistance of counsel both during the plea bargaining and sentencing stages of the proceedings. ECF No. [6] at 15.[3] He argues he informed his attorney that he "did not know that the video silencer was not registered," and that "he did not know that his proximity to the silencer during the video shoot constituted possession of the silencer." *Id.* Petitioner claims that counsel's "inadequate factual investigation or deficient legal research resulted in [him] pleading guilty to a crime he did not commit." *Id.* Petitioner contends that, "if correctly advised as to the law, then he would not have entered the guilty plea." *Id.* However, the record negates Petitioner's allegations regarding his understanding of his plea and instead establishes that his guilty plea was entered knowingly and voluntarily with competent assistance of counsel.

Before Petitioner pleaded guilty, his counsel sought dismissal of the Indictment due to insufficient evidence as a matter of law to prove the statute's knowledge requirement. CR ECF No. [18]. The Court denied the Motion. CR ECF No. [28]. At that point, counsel explained to his client that, based on what the Government would demonstrate, he would be found guilty unless a jury were to accept a transitory innocent possession defense, which counsel was not confident that the Court would be willing to accept. CR ECF No. [61] at 16. After consideration, Petitioner requested a change of plea hearing, which the Court subsequently held. CR ECF No. [29].

Notably, at the plea hearing, the following discussion took place:

> THE COURT: So Mr. Samms, do you believe that you have discussed
> the elements with Mr. Sainmelus, defenses, all of the law that
> applies with regard to the motions that were before the Court,

---

[3] Petitioner has not provided support for his claim that counsel was ineffective during the sentencing stage of the proceedings, therefore, the Court will not address that issue. *See Lynn*, 365 F.3d 1225.

8

and a full review of all of the information that the Government provided?

MR. SAMMS: Yes, I have, Your Honor. I've explained to my client that, based on what the Government would present, he would be found guilty, unless a jury were to accept a defense of innocent possession, which is not even clear to me that the Court would even accept that defense.
So based -- I've given him that they would be able to show that he had a silencer, that it's not registered to him, and that he knew it was a silencer. He knows what a silencer is. And he admitted that he knows that it was a silencer. And I feel that if it is accepted just with that he would be found guilty. Right? I've also told him about the possible defense, and I've explained to him that that defense has not even been accepted in this circuit and that the Court may not even allow me to present that defense. So I've given him all of those and he has decided that he wanted to plead guilty. And just to let the Court know, he wanted to plead guilty early on. I was the one that said: "Let me see because I'm having problems with you pleading guilty." He never wanted to test it before the Court. He wants to get as minimal time as possible to go home. And so that's the tension that is between he and I.
And just -- it's his decision. And I just want to make sure that he knows that I have issues with this type of prosecution, but that he has to make that decision. And he has made that decision.

THE COURT: All right. Thank you, Mr. Samms. Mr. Sainmelus, is Mr. Samms accurate? Have you had a full discussion relating to the elements of the offense, the possible defenses, a review of all the discovery, and a discussion regarding the law?

THE DEFENDANT: Yes, Your Honor. Everything he said is correct. And me personally, I just -- I couldn't just be here wasting your time going to trial and I know I was fixing to lose.

THE COURT: Well, you're never wasting the Court's time. That's what the Court's here for. The question is whether you want to proceed to trial or you want to continue with your plea of guilty to this charge.

THE DEFENDANT: I want to continue on pleading guilty to this charge.

9

> THE COURT: So has Mr. Samms fully discussed the elements with you, possible defenses, the law, and a full review of the evidence or the discovery that the Government has provided?
>
> THE DEFENDANT: Yes, Your Honor.

CR ECF No. [61] at 15-18.

The Government thereafter proffered that "the rifle and silencer that Mr. Sainmelus [was] holding in his left hand was reported stolen during a carjacking in the City of Pompano Beach," and the "victim of the carjacking was able to identify from the Instagram post that firearm as belonging to him." *Id.* at 19. The defendant was taken into custody, advised of his *Miranda* rights, waived those warnings, and admitted to law enforcement "that he knew that that was a silencer attached to the rifle in the photo that he held in his left hand." *Id.* at 20. After admitting that these facts were true, Petitioner agreed that counsel had answered all of his questions and confirmed his signature on the plea agreement. *Id.* at 21.

Petitioner's argument that counsel failed to understand the Government's burden of proof is contradicted by the plea colloquy transcript. That understanding is consistent with binding caselaw. In *United States v. Tagg*, 572 F.3d 1320 (11th Cir. 2009), the Eleventh Circuit considered the government's burden of proof in a prosecution under 26 U.S.C. § 5861(d): "the Supreme Court has held that the government must prove beyond a reasonable doubt that the defendant *knew* that the weapon he possessed had the characteristics that brought it within the statutory definition of a firearm." *United States v. Miller*, 255 F.3d 1281, 1286 (11th Cir. 2001) (citing *Staples v. United States*, 511 U.S. 600 (1994)). However, the government does not have to prove "that the defendant knew that his possession was unlawful or that the firearm was unregistered." *See Miller*, 255 F.3d at 1286.

The Government proffered facts showing that Petitioner possessed the firearm—a silencer—that was not registered to him in the National Firearms Registration and Transfer Record and that Petitioner knew of the characteristics of the firearm that made it subject to registration. ECF No. [8] at 26. Counsel further advised Petitioner that the Government "would be able to show that he had a silencer, that it's not registered to him, and that he knew it was a silencer." CR ECF No. [61] at 14. Thus, the record demonstrates that counsel was cognizant regarding the Government's burden of proof, that he believed the Government could likely sustain that burden at trial, and that he discussed these facts with his client. *Id.*

Petitioner fails to state any basis for his ineffective assistance claim during sentencing. As such, this claim is also denied.

### ii. Counsel's performance on appeal

Next, Petitioner alleges that counsel's ignorance of developing law resulted in ineffective assistance of counsel on direct appeal and in seeking a writ of certiorari. ECF No. [6] at 16. In support of this claim, Petitioner argues that appellate counsel overlooked the Supreme Court's retroactively-applicable decision in *Rehaif*. *Id.* According to Petitioner, this decision had three prejudicial effects. *Id.* First, "counsel's sentencing-error claim was augmented by the *Rehaif* clarification of 922(g), since the Guidelines enhancement that increased the Petitioner's sentence incorporates and relies upon 922(g)'s definition." *Id.* Second, "once the *Rehaif* decision had been announced, [Petitioner's counsel] should have sought leave to amend or supplement the appellate brief to raise a presumption of scienter claim" because "[a]t the time of the video, [Petitioner] did not know he was prohibited from being in the presence of a silencer, did not know that having used marijuana meant he could not possess any weapon, and did not know that otherwise legal conduct constituted a felony." *Id.* Third, Petitioner's counsel "lost track of his client, and then

11

without authority or need, [Petitioner's counsel] filed a petition for writ of certiorari," which neglected to raise a *Rehaif* claim. *Id.* at 17.

However, Petitioner cannot show that counsel's performance was deficient, nor can he establish that he was prejudiced as a result of this allegedly deficient performance. As previously discussed, the Supreme Court's decision in *Rehaif* requires that, "in a prosecution under § 922(g) and § 924(a)(2), the government must prove both, that the defendant knew he possessed a firearm and that he knew that he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif,* 139 S. Ct. at 2200. However, Petitioner was not convicted of an offense under § 922(g) or § 924(a)(2) and the validity of his conviction under 26 U.S.C. § 5861(d) is not affected by the holding in *Rehaif*. Thus, counsel was not ineffective for failing to raise this challenge on direct appeal, as it was a meritless claim.

Similarly, counsel's performance was not constitutionally deficient for failing to raise a *Rehaif*-based challenge to a finding by the Court with respect to his advisory Sentencing Guideline range. Unlike a prosecution under § 922(g) where the government is required to prove a petitioner's commission of the offense beyond a reasonable doubt, the preponderance of the evidence standard is applied to proof of facts supporting a sentencing enhancement. *United States v. Washington*, 714 F.3d 1358, 1361 (11th Cir. 2013). At sentencing, this Court found that Petitioner's base offense level was 20 under United States Sentencing Guidelines ("USSG") § 2K2.1(a)(4)(B) because he was a prohibited person at the time he committed the offense, which increased Petitioner's base offense level from 18 to 20. *See* U.S Sentencing Guidelines Manual § 2K2.1(a)(4)(B) (U.S. Sentencing Comm'n 2018). The definition of "Prohibited Person" for purposes of USSG § 2K2.1(a)(4)(B) means any person described in 18 U.S.C. § 922(g) or § 922(n).

*Id.* The Court based its finding on the Government's evidence showing Petitioner's unlawful drug use under § 922(g)(3). CR ECF No. [52].

On direct appeal, the Eleventh Circuit applied the preponderance of the evidence standard and found that "the district court did not err in applying a two-level enhancement for being a person prohibited from possessing a firearm: the record, including defendant's admitted facts in the PSI, supported that Petitioner was an 'unlawful user' of marijuana and ecstasy, contemporaneous with his unlawful possession of the unregistered firearms." CR ECF No. [57] at 6. Any assertion of a *Rehaif* error on direct appeal would not have changed the standard of proof or the Eleventh Circuit's conclusion that the evidence presented was sufficient to support the enhancement. Furthermore, because the Eleventh Circuit's decision would not have been affected by a *Rehaif* challenge, Petitioner's claim that counsel was ineffective for failing to include a *Rehaif* claim in the petition for a writ of certiorari is meritless.

Finally, although the Government argued that Petitioner should be sentenced at the low end of his guideline range to 57-months imprisonment, defense counsel argued that the Court should vary downward from his advisory guideline range. The Court agreed with defense counsel and varied downward from Petitioner's guideline range and imposed a sentence of 36 months imprisonment. CR ECF No. [41]. Thus, even if *Rehaif* were applicable and Petitioner's advisory guideline range was reduced to a total offense level of 21, as opposed to the applied offense level of 23, his guideline range would have been 46-57 months. Petitioner's sentence of 36 months of imprisonment was below the advisory guideline range. Thus, Petitioner's claim that appellate counsel was ineffective is denied.

### D. Certificate of appealability

A prisoner seeking to appeal a district court's final order denying his § 2255 to vacate has no absolute entitlement to appeal, and to do so, must obtain a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1). This Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Where a district court has rejected Petitioner's constitutional claims on the merits, Petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration of the record as a whole, the Court finds that a certificate of appealability is not warranted.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner Masnik Sainmelus's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, **ECF No. [6]**, is **DENIED**.
2. No certificate of appealability shall issue.
3. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.
4. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 20, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Case No. 20-cv-60011-BLOOM/Reid

Copies to:

Counsel of Record

Masnik Sainmelus
18746-104
Coleman Low
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 1031
Coleman, FL 33521